## GREAT SOUTHERN LIFE INS. CO. v. SHAWNEE NATIONAL BANK.
### No. 23848.   June 11, 1935.

Embry, Johnson, Crowe & Tolbert, for plaintiff in error.

Geo. E. McKinnis, Jr., and Reily & Reily, for defendant in error.

BAYLESS, J. This is an appeal from a judgment of the district court of Pottawatomie county, Okla., in favor of the Shawnee National Bank, a corporation, defendant, and defendant in error herein, and against Great Southern Life Insurance Company, a corporation, plaintiff and plaintiff in error herein. The parties will be referred to as they appeared in the trial court.

The plaintiff instituted the action to foreclose a mortgage upon certain real property. The defendant was named a party to the action for the purpose of determining the priority between a recorded assignment of rents in its favor and the mortgage lien of plaintiff.

The facts, substantially, are these: September 1, 1926, the plaintiff took a mortgage upon certain real property. February 21, 1927, defendant was given an assignment of rents arising from a part of this real property, reading as follows:

"In order to procure and secure a loan from the Shawnee National Bank of $5,000, we hereby assign, transfer and set over to them all the funds arising from rents to become due us under any lease that may be executed on the ground floor of lot 22 in block 16, Choctaw addition to the city of Shawnee, Okla., for a period of three years."

(Second paragraph omitted by us as immaterial.)

"This space is agreed to be leased to Grisby & Ware by us for a period of three years, but whether or not that lease is completed, to whoever we lease the space to, it is agreed that all of the rents to be derived under said lease is to be applied on this $5,000 obligation. We agree to act as agents to the said bank in collecting the lease money on the room specified and turning it over to the bank each month; that it is to be held by them to apply on the above obligation at maturity. The terms of the note secured by this assignment are as follows: Note in the amount of $5,000 dated February 21, 1927, due August 21, 1927, payable to the order of ourselves at the Shawnee National Bank, Shawnee, Okla.

"It is agreed that in case of the failure of the undersigned to fully comply with the terms of this assignment that the said bank, its agent, or authorized representative, may have full authority to lease the premises described above, collect the money on the lease so executed and apply it on the above obligation, until it is fully paid, after which this assignment shall have no further effect."

This assignment was filed for record after the mortgage above mentioned. April 1, 1930, the plaintiff took a new note, representing the unpaid balance due on the indebtedness which the first mortgage secured, but the record does not show what was done with the old note. On this same date the plaintiff took a new mortgage from the owners. April 8, 1930, plaintiff executed and delivered to the mortgagors a release of the former mortgage, reading, in part:

"Whereas said mortgage has now been satisfied by the execution by said mortgagors to the Great Southern Life Insurance Company of another mortgage dated April 1, 1930, to secure the same indebtedness;

"Now, therefore, the above and foregoing mortgage dated September 1, 1926, recorded in book 84, pages 288 and 289 and the lien

created thereby is hereby released, discharged and satisfied."

The plaintiff pleaded the last note and mortgage as its cause of action. The defendant set up its indebtedness of $2,000 and the assignment of rents in its favor, and claimed priority of lien or right to collect rents. Plaintiff first replied by a general denial and a plea that the assignment of rents expired three years from February 21, 1927. It then filed an amended reply in which it pleaded, in substance, that the second note and mortgage (the instruments sued on) were merely restatements of the original debt and mortgage lien, and were not intended to be separate or independent from the originals, by reason of which it claimed it had not lost its original priority; and, further, that it knew of the assignment of rents when it took the instruments sued upon, but construed said assignment of rents to run only for a period of three years, which, according to the face of the assignment, had run. Defendant thereupon answered the new matter contained in this reply in this manner: (1) By admitting the execution of all of the instruments sued upon by plaintiff; (2) alleging a lack of knowledge of the relationship between the two sets of instruments; (3) pleaded that portion of the release of mortgage above set forth as being a complete and effectual release of the first mortgage lien; and (4) pleaded that it would be inequitable to now give plaintiff's new mortgage priority over its assignment of rents.

At the trial the various instruments referred to above were introduced in evidence, and there was no dispute as to the amount of money judgment for the parties. An attempt was made to stipulate as to the intent of the plaintiff and mortgagors in executing the second set of instruments, but this failed, whereupon the parties agreed that the instruments should speak for themselves. This applied particularly to the release of mortgage. The following stipulation was then made:

"Mr. Johnson: It is agreed that at the time that such mortgage was made a certain instrument was of record, and was filed on the 6th day of May, 1928, a copy of which is exhibit 'A' attached to the answer and cross-petition of the Shawnee National Bank. The plaintiff having examined the record and finding this assignment and finding the provisions in respect to the limited period for which the assignment ran, considered the assignment had expired. That the Shawnee National Bank never, under the assignment, took possession of the room described in this assignment, and has never had and now has no actual possession of the premises."

The trial court thereupon rendered judgment, holding that the assignment was yet in effect, and that the second mortgage taken by the plaintiff was inferior to said assignment so long as said assignment remained unsatisfied.

The plaintiff on appeal argues two propositions:

"(1) That the taking of the second note and mortgage, and the written release of the first mortgage, were not actually an abandonment or waiver of the priority of its mortgage lien upon the property; and,

"(2) That the assignment of rents in favor of the defendant had expired by its own terms."

We are of the opinion that plaintiff's contention with reference to the second proposition should be sustained, and we therefore deem it unnecessary to discuss the first proposition.

A reference to the assignment of rents and a study thereof will disclose that by the terms of the first and second paragraphs the term is three years, the lessee is to be Grisby & Ware, or anyone assignors might obtain upon the failure of Grisby & Ware to complete their three year lease, and assignors were constituted agents for defendant in collecting and accounting for the rent money. The amount for which the property was to be rented is not specified.

By the terms of the last paragraph, which was to become controlling only in the event assignors failed to fully comply with the terms of the assignment, defendant became vested with certain specific executory authority. What was meant by "* * * the failure of the undersigned (the assignors) to fully comply with the terms of the assignment * * *"? and what were the defendant's rights to be in such event?

In answering the first part of the question, we are of the opinion that the phrase quoted in the preceding paragraph should be construed as though it read as follows: " * * * the failure of the undersigned (the assignors) to fully perform the obligations resting upon them as provided in the first and third paragraphs of this assignment. * * *" Those obligations were: (1) To lease to Grisby & Ware for three years; (2) in the event Grisby & Ware refused to lease or failed to complete their term when they did lease, to lease to anyone else who would make or fulfill such a lease; (3) to collect the rents; (4) to pay the rents so col-

lected to defendant; and (5) to act as defendant's agent in these matters.

In answering the second part of the question, we are of the opinion that upon the failure of assignors to fully perform those enumerated obligations, the defendant would become possessed of the following rights: (1) To take possession of the premises for the purpose of leasing; (2) to lease said premises without regard to the three-year period of limitation; and, (3) to collect the rents and apply them upon the debt of $5,000 until it was paid. These rights would require positive action on the part of the defendants, as distinguished from inaction or dependence upon assignors.

In our opinion this instrument called assignment of rents was not a debt; it was not the evidence of a debt in the sense of a note or written promise to pay; but was a written security, somewhat analogous to a mortgage or lien.

The defendant evidently construed the last paragraph of the assignment as being the only part thereof which could extend the life of the assignment beyond three years. It pleaded that part of the assignment in the body of its answer. But the defendant did not plead that assignors had failed to fully comply with the obligations resting upon them. The only failure of performance charged against assignors, in effect, was that they had not paid the note in full. The premises covered by the assignment may have been occupied every day of the three-year period, and every cent of rent charged thereon may have been paid to assignors and by them paid to defendant, and yet, because the rate of rent was such that three years thereof would be sufficient to pay only $3,000 on the debt, leaving a balance of $2,000 unpaid.

The evidence in support of this pleading was that the defendant had never taken possession of the premises and was not now in possession thereof, which negatives any notion that assignors had brought about the event which would entitle the defendant to actively assert his rights and by virtue thereof extend the term of the assignment beyond three years. The evidence only shows that assignors failed to pay the note in full, and defendant neither pleads nor proves the reason therefor within the meaning of the assignment.

In view of the construction we have placed upon the assignment, we are of the opinion that the evidence does not support the judgment of the trial court either in accordance to the defendant's assignment or a life beyond three years from its date, and in giving priority to this assignment over the mortgage lien of plaintiff.

It is unnecessary to discuss the other propositions.

The judgment of the trial court is therefore reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.